**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE: (916) 649-2006
FAX: (916) 920-7951

ATTORNEY FOR DEFENDANT
ALEHANDRO CISNEROS ROMERO

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> IMGUEL CASTELLANO ) <br> HUITRON , et al., ) <br> ) <br> DEFENDANTS. ) <br> _____ ) | NO. CR. S-10-162-FCD <br><br> STIPULATION AND ORDER TO CONTINUE THE STATUS CONFERENCE TO MONDAY OCTOBER 18, 2010 |

## PARTIES TO THE LITIGATION

The parties to this litigation, the Unites States of America, represented by Assistant United States Attorney, Mr. Heiko Coppola,  and the defendants (hereinafter referred to as the defendants): 1) Ignacio Hernandez, represented by his attorney Mr. Robert Forkner; 2) Jairo Zapien represented by his attorney Mr. Douglas Beevers; 3) Fernando Madrigal represented by his attorney Mr. Michael B. Bigelow; 4) Rafael Emillo Gonzalez Juarbe represented by his attorney Ms. Steve Teich; 5) Cerjio Arturo Zepeda  represented by his attorney Mr. John Virga; 6) Michelle Ernestina Lucero represented by her attorney Mr. Hayes Gable, III; 7) Mario Nunez, Sr. represented by his attorney Mr. Ron Peters; 8) Juan Lopez  represented by his attorney Mr. Scott Cameron; 9) Justin Haynes represented by his attorney Mr. David Fischer;

1

1  10) David Hernandez represented by his attorney Mr, Danny Brace, Jr.;
2  and 11) Alejandro Cisneros Romero represented by his attorney, Mr. James R.
3  Greiner, hereby agree and stipulate that the current date for the status conference in
4  this case, **Monday, July 19, 2010**, is hereby vacated and can be rescheduled for
5  Monday, **October 18, 2010**, at 10:00 a.m. in Courtroom #2, before the Honorable
6  District Court Judge, Frank C. Damrell, Jr..
7      Further, all of the parties, the United States of America and all of the defendants
8  as stated above, hereby continue to agree and stipulate that time under the speedy trial
9  Act can be excluded under Title 18 section 3161(h)(7)(B)(ii) and section
10 3161(h)(7)(B)(iv), corresponding to Local code **T-2 (the complexity of the case)** and
11 **Local Code T-4 (to allow counsel time to prepare)** from **Monday, July 19, 2010** to
12 and including **Monday, October 18, 2010.**
13     The Court's Courtroom deputy, Ms. Michele Krueger, was contacted to ensure
14 the Court was available on **Monday, October 18, 2010**, and the Court is available.
15 There are no motion schedule dates set in the case. There is no trial date set in the
16 case.
17
18                                **PROCEDURAL STATUS OF THE CASE**
19     On April 13, 2010, the government filed a criminal complaint against all
20 defendants. (See Docket Entry # 1, 95 pages)
21     On April 28, 2010, the government filed an twenty-one count Indictment
22 charging twelve (12) defendants with allegations of violating various federal crimes
23 including in Count 1 (conspiracy to distribute and possess with intent to distribute
24 Methamphetamine) Title 21 U.S.C. section 846 and 841(a)(1)).
25     All of the defendants have made their appearance in Magistrate Court, all
26 defendants have been arraigned on the Indictment and all defendants have pled not
27 guilty and requested a jury trial. (See Docket Entries #'s 16, 20, 54, 61, 62, 63, 64, 65,
28

67, and 72)

In addition, the Magistrate Court found due to the specific facts of this case: 1- the number of defendants, eleven (11); 2-the amount of discovery the government represented it will produce (the government has produced in excess of 4,000 pages hard copies as well as eight (8) CD's of information and has represented that more discovery will be produced by the government; 3-the reasonable and adequate amount of time still required by the defense to review and investigate the discovery which is continuing to be produced by the government;4- the reasonable and adequate amount of time still required by the defense to due investigation on the case and discovery being continually produced by the government; that this case was complex pursuant to Title 18 section 3161(h)(7)(B)(ii), corresponding to **Local code T-2 (the complexity of the case)** and specifically made that finding on the record of this case at the arraignment of the defendants on the Indictment. (See Docket Entries # 61, 62, 63, 64, and 65).

In addition, the Magistrate Court found to due the nature of the charges, the number of defendants in the case (eleven (11)), the discovery to be produced by the government in the case (the representation was discovery would be produced and the government has produced in excess of 4,000 pages, eight (8) CD's of information and has represented to the defense more discovery will be forthcoming), and that there were four (4) live wire taps in this case, that the defense needs additional time to review the discovery, to discuss the discovery with their respective clients, and do to investigation, the Magistrate Court also found time excluded under the Speedy Trial Act Title 18  section 3161(h)(7)(B)(iv),  **Local Code T-4 (to allow counsel time to prepare).** (See Docket Entries # 61, 62, 63, 64, and 65).

## TIME EXCLUDED UNDER THE SPEEDY TRIAL ACT

The parties (the government and all eleven (11) defendants (one defendant has not been arrested, Miguel Castellanos Huitron) agree and stipulate that with the recent

3

production by the government of the voluminous discovery, the number of defendants involved in the case (11), the complex legal issues involved in the case, the fact that there are potentially eight (8) separate wire taps in this case, the fact that the government has produced eight (8) CD's and the time needed by all defendants (11) to begin to review all of the discovery produced by the government to date, that the interest of justice in granting this reasonable request for a continuance outweighs all other interests in this case for a speedy trial in this case, pursuant to Title 18 section 3161(h)(7)(B)(ii) and section 3161(h)(7)(B)(iv), corresponding to **Local code T-2 (the complexity of the case)** and **Local Code T-4 (to allow counsel time to prepare).**

Respectfully submitted:

BENJAMIN B. WAGNER
UNITED STATES ATTORNEY

/s/ Heiko Coppola, by e mail authorization

DATED: 7-15-10   _____
Heiko Coppola
ASSISTANT UNITED STATES ATTORNEY
ATTORNEY FOR THE PLAINTIFF

DATED: 7-15-10   /s/ Robert L. Forkner by e mail authorization
_____
Robert L. Forkner
Attorney for Defendant
Ignacio Hernandez

DATED: 7-15-10   /s/ Douglas J. Beevers by e mail authorization
_____
Douglas J. Beevers
Attorney for Defendant
Jairo Zapien

DATED: 7-15-10   /s/ Michael B. Bigelow by e mail authorization
_____
Michael B. Bigelow
Attorney for Defendant Fernando Madrigal

DATED: 7-15-10						/s/ Steve E. Teich by e mail authorization
							_____
							Steve E. Teich
							Attorney for Defendant
							Rafael Emilio Gaonzalez Jurabe

DATED: 7-15-10						/s/ John E. Virga by e mail authorization
							_____
							John E. Virga
							Attorney for Defendant Cerrjio Arutro Zepeda

DATED: 7-15-10						/s/ Hayes H. Gable, III by e mail authorization
							_____
							Hayes H. Gable, III
							Attorney for Defendant Alfredo Gallardo-Sosa

DATED: 7-15-10						/s/ Ronald J. Peters by e mail authorization
							_____
							Ronald J. Peters
							Attorney for Defendant Mario Nunez, Sr.

DATED: 7-15-10						/s/ Scott N. Cameron by e mail authorization
							_____
							Scott N. Cameron
							Attorney for Defendant Juan Lopez

DATED: 7-15-10						/s/ David D. Fischer by e mail authorization
							_____
							David D. Fischer
							Attorney for Defendant Justin Haynes

DATED: 7-15-10						/s/ Danny D. Brace by e mail authorization
							_____
							Danny D. Brace
							Attorney for Defendant
							Jorge Hiriberto Andrade-Torres

DATED: 7-15-10						/s/ James R. Greiner
							_____
							James R. Greiner
							Attorney for Defendant
							Alejandro Cisneros Romero

# ORDER

The Court, having received, read, and considered the stipulation of the parties, and good cause appearing therefrom, adopts the stipulation of the parties in its entirety as its order. Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that this case is unusual and complex and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in 18 U.S.C. § 3161. In addition, the Court specifically finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice to be served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial.

The Court orders that the time from the date of the parties' stipulation, **July 19, 2010, to and including October 18, 2010,** shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv), and Local Codes T2 (unusual and complex case) and T4 (reasonable time for defense counsel to prepare).

It is further ordered that the **Monday, July 19, 2010, status conference** shall be continued until **Monday, October 18, 2010**, at 10:00 a.m.

**IT IS SO ORDERED.**

DATED: July 16, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE