**JAMES R. GREINER, ESQ.**
CALIFORNIA STATE BAR NUMBER 123357
**LAW OFFICES OF JAMES R. GREINER**
555 UNIVERSITY AVENUE, SUITE 290
SACRAMENTO, CALIFORNIA 95825
TELEPHONE: (916) 649-2006
FAX: (916) 920-7951

ATTORNEY FOR DEFENDANT
ALEHANDRO CISNEROS ROMERO

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR.NO.S-10-162-FCD |
| ) | |
| PLAINTIFF, ) | STIPULATION AND |
| ) | ORDER TO CONTINUE THE STATUS |
| v. ) | CONFERENCE TO MONDAY |
| ) | NOVEMBER 7, 2011 |
| MIGUEL CASTELLANOS ) | |
| HUITRON , et al., ) | |
| ) | |
| ) | |
| DEFENDANTS. ) | |
| _____) | |

## PARTIES TO THE LITIGATION

The parties to this litigation, the Unites States of America, represented by Assistant United States Attorney, Mr. Heiko Coppola, and the defendants (hereinafter referred to as the defendants): 1) Ignacio Hernandez, represented by his attorney Mr. Robert Forkner; 2) Jairo Zapien represented by his attorney Mr. Douglas Beevers; 3) Fernando Madrigal represented by his attorney Mr. Michael B. Bigelow; 4) Rafael Emillo Gonzalez Juarbe represented by his attorney Ms. Steve Teich; 5) Cerjio Arturo Zepeda represented by his attorney Mr. John Virga; 6) Michelle Ernestina Lucero represented by her attorney Mr. Hayes Gable, III; 7) Mario Nunez, Sr. represented by his attorney Mr. Ron Peters; 8) Juan Lopez represented by his attorney Mr. Scott Cameron; 9) Justin Haynes represented by his attorney Mr. David Fischer;

1

1  10) David Hernandez represented by his attorney Mr, Danny Brace, Jr.;
2  and 11) Alejandro Cisneros Romero represented by his attorney, Mr. James R.
3  Greiner, hereby agree and stipulate that the current date for the status conference in
4  this case, **Monday, September 19, 2011**, is hereby vacated and can be rescheduled
5  for Monday, **November 7, 2011**, at 10:00 a.m. in Courtroom #2, before the Honorable
6  District Court Judge, Frank C. Damrell, Jr..

7  Further, all of the parties, the United States of America and all of the defendants
8  as stated above, hereby continue to agree and stipulate that the ends of justice served
9  by granting this continuance outweigh the best interests of the public and all the
10 defendants in a speedy trial and that time under the speedy trial Act can be excluded
11 under Title 18 section 3161(h)(7)(B)(ii) and section 3161(h)(7)(B)(iv), corresponding
12 to Local code **T-2 (the complexity of the case)** and **Local Code T-4 (to allow**
13 **counsel the reasonable time necessary for effective preparation)** from **Monday,**
14 **September 19, 2011,** to and including **Monday, November 7, 2011.**

15 The Court's Courtroom deputy, Ms. Michele Krueger, was contacted to ensure
16 the Court was available on **Monday, November 7, 2011**, and the Court is available.
17 There are no motion schedule dates set in the case. There is no trial date set in the
18 case.

19
20  **PROCEDURAL STATUS OF THE CASE**
21 On April 13, 2010, the government filed a criminal complaint against all
22 defendants. (See Docket Entry # 1, 95 pages)
23 On April 28, 2010, the government filed an twenty-one count Indictment
24 charging twelve (12) defendants with allegations of violating various federal crimes
25 including in Count 1 (conspiracy to distribute and possess with intent to distribute
26 Methamphetamine) Title 21 U.S.C. section 846 and 841(a)(1)).
27 All of the defendants have made their appearance in Magistrate Court, all
28

1  defendants have been arraigned on the Indictment and all defendants have pled not
2  guilty and requested a jury trial. (See Docket Entries #'s 16, 20, 54, 61, 62, 63, 64, 65,
3  67, and 72)
4        The parties agree and stipulate that this Court can continue to find in this case
5  that due to the specific facts of this case which are:
6        1-the number of defendants, eleven (11);
7        2-the amount of discovery the government represented it will produce
8        (the government has produced in excess of 4,000 pages hard copies as
9        well as eight (8) CD's of information;
10       3-the reasonable and adequate amount of time still required by the
11       defense  to review and investigate the discovery which is continuing to be
12       produced by the government;
13       4- the reasonable and adequate amount of time still required by the
14       defense to due investigation on the case and discovery being continually
15       produced by the government;
16 that this case is complex pursuant to Title 18 section 3161(h)(7)(B)(ii), corresponding
17 to Local code T-2 (the complexity of the case) and the Court can specifically make
18 those findings in this case based upon the specific facts of this case.
19       In addition, the parties agree and stipulate that this Court can find that  due the
20 nature of the charges, the number of defendants in the case (eleven (11)), the
21 discovery produced by the government in the case (in excess of 4,000 pages, eight (8)
22 CD's of information), and that there were four (4) live wire taps in this case, that the
23 defense needs additional time to review the discovery, to discuss the discovery with
24 their respective clients, to continue to do to investigation, to review and due legal
25 research on potential motions to be potentially filed in this case due to the potential
26 complex legal issues involving the wire tap and other potential issues, to do legal
27 research on the potential application of the complex Advisory Sentencing Guidelines
28

3

that may apply in this case should any defendant either decide to resolve his or her case or be found guilty at trial, for all defense counsel to have additional and adequate time to discuss all of the discovery and all of the options with each of their respective clients and that with the exercise of reasonable diligence on behalf of all counsel in this case the Court can find that based on the specific facts of this case it is unreasonable to bring this case to trial within the 70 day period required by the Speedy Trial Act and that time can be excluded under the Speedy Trial Act Title 18 section 3161(h)(7)(B)(iv),  Local Code T-4 (to allow counsel the reasonable necessary time for effective preparation) allowing for reasonable time for all attorneys in this case to prepare.

## TIME EXCLUDED UNDER THE SPEEDY TRIAL ACT

The parties (the government and all eleven (11) defendants (one defendant has not been arrested, Miguel Castellanos Huitron) agree and stipulate that with the recent production by the government of the voluminous discovery, the number of defendants involved in the case (11), the complex legal issues involved in the case, the fact that there are potentially eight (8) separate wire taps in this case, the fact that the government has produced eight (8) CD's  and the time needed by all defendants (11) to continue  to review all of the discovery produced by the government to date, that the ends of justice in granting this reasonable request for a continuance outweighs the public's and the defendants' rights to a speedy trial in this case, pursuant to Title 18 section 3161(h)(7)(B)(ii) and section 3161(h)(7)(B)(iv), corresponding to **Local code T-2 (the complexity of the case)** and **Local Code T-4 (to allow counsel the reasonable time necessary for effective preparation), from Monday, September 19, 2011 to and including Monday, November 7, 2011.**

///
///
///

4

Respectfully submitted:

        BENJAMIN B. WAGNER
        UNITED STATES ATTORNEY

        /s/ Heiko Coppola, by e mail authorization

DATED: 9-14-11        _____
        Heiko Coppola
        ASSISTANT UNITED STATES ATTORNEY
        ATTORNEY FOR THE PLAINTIFF

DATED: 9-14-11

        /s/ Robert L. Forkner by e mail authorization
        _____
        Robert L. Forkner
        Attorney for Defendant
        Ignacio Hernandez

DATED: 9-14-11        /s/ Douglas J. Beevers by e mail authorization
        _____
        Douglas J. Beevers
        Attorney for Defendant
        Jairo Zapien

DATED: 9-14-11        /s/ Michael B. Bigelow by telephone  authorization
        _____
        Michael B. Bigelow
        Attorney for Defendant Fernando Madrigal

DATED: 9-14-11        /s/ Steve E. Teich by e mail authorization
        _____
        Steve E. Teich
        Attorney for Defendant
        Rafael Emilio Gaonzalez Jurabe

DATED: 9-14-11        /s/ John E. Virga by e mail authorization
        _____
        John E. Virga
        Attorney for Defendant Cerrjio Arutro Zepeda

DATED: 9-14-11        /s/ Hayes H. Gable, III by e mail authorization
        _____
        Hayes H. Gable, III
        Attorney for Defendant Alfredo Gallardo-Sosa

| | |
|---|---|
| DATED: 9-14-11 | /s/ Ronald J. Peters by e mail authorization |
| | _____ |
| | Ronald J. Peters |
| | Attorney for Defendant Mario Nunez, Sr. |
| DATED: 9-14-11 | /s/ Scott N. Cameron by e mail authorization |
| | _____ |
| | Scott N. Cameron |
| | Attorney for Defendant Juan Lopez |
| DATED: 9-14-11 | /s/ David D. Fischer by e mail authorization |
| | _____ |
| | David D. Fischer |
| | Attorney for Defendant Justin Haynes |
| DATED: 9-14-11 | /s/ Danny D. Brace by e mail authorization |
| | _____ |
| | Danny D. Brace |
| | Attorney for Defendant |
| | Jorge Hiriberto Andrade-Torres |
| DATED: 9-14-11 | /s/ James R. Greiner |
| | _____ |
| | James R. Greiner |
| | Attorney for Defendant |
| | Alehandro Cisneros Romero |

**ORDER**

The Court, having received, read, and considered the agreement and stipulation of the parties, having reviewed the record in this case and having reviewed the Docket in this case makes the following findings and Order:

The Court specifically finds, that in this case, based on the specific facts in this case as agreed and stipulated to by all counsel for all parties in this case, the ends of justice served by granting this continuance outweigh the best interests of the public and all the defendants in a speedy trial in this case.

The Court, pursuant to Title 18 U.S.C. section 3161(h)(7)(B)(ii) and section 3161(h)(7)(B)(iv), corresponding to Local code T-2 (the complexity of the case) and Local Code T-4 (to allow counsel the reasonable time necessary for effective

preparation), now sets forth its reasons for the Court's specific finding that the ends of justice served by granting this continuance outweigh the best interests of the public and all the defendants in a speedy trial in this case:

    1- the number of defendants in this case, eleven (11), make this case complex both in terms of discovery and legal issues;

    2- the amount of discovery produced by the government to date in the case is in excess of 4,000 pages of hard copies, as well as eight (8) CD's of information, supporting that this case is both complex due to the volume of discovery and that exercising due diligence by all counsel it is unreasonable under these facts for this case to be brought to trial within the 70 day limit under the Speedy Trial Act;

    3- within the discovery, there are four (4) live wire taps which require, even in the exercise of reasonable diligence by all counsel, a continuance so that review and investigation of the four (4) live wire taps continues, which supports the complex nature of the case and the need for additional time to prepare by all counsel;

    4- discussions by defense counsel with each of the respective eleven (11) defendants regarding the discovery in this case and other aspects of the case so that defense counsel effectively represents their client;

    5- time needed by all defense counsel to do legal research on the potential application of the complex Advisory Sentencing Guidelines that may apply ;

    6- the need by all defense counsel to have adequate and additional time to discuss with their respective clients all aspects of this case, including but not limited to the discovery, the wire taps, the CD's, the complex Advisory Sentencing Guidelines and the options each of the eleven (11) defendants may have in this case;

7

7- the need for legal research on potentially complex legal issues, involving potentially the wire tap and other legal issues in a case with this many defendants and this much discovery

Based on all of the foregoing, including the agreement and stipulation of the parties and the recitation of facts contained therein, and the findings of this Court, the Court further specifically finds that this case is unusual and complex within the meaning to the Title 18 U.S.C. section 3161, et seq., and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in Title 18 U.S.C. § 3161, et seq..  In addition, the Court further specifically finds that the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence within the meaning of Title 18 U.S.C. § 3161, et seq...

The Court orders that the time from the date of the parties' stipulation, **Monday, September 19, 2011, to and including Monday, November 7, 2011,** shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv), and Local Codes T2 (unusual and complex case) and T4 (to allow counsel the reasonable time necessary for effective preparation).

It is further ordered that the **Monday, September 19, 2011, status conference** shall be continued until **Monday, November 7, 2011**, at 10:00 a.m.

**FOR GOOD CAUSE SHOW, IT IS SO ORDERED.**

DATED: September 14, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE